MOBILE INSURANCE CO. v. COLUMBIA &c. R. R. CO.

1. INSURANCE—SUBROGATION—TORT.—As the insurer on payment of a loss by fire is subrogated to all the rights of the assured against a person whose tortious act caused the loss, it seems that one of several insurers after payment cannot maintain a separate action against the tort feasor, but that the action should be in the name of the assured for the benefit of the insurers; and, therefore, where a separate action was instituted, judgment obtained, and payment made, the proceeding should be regarded as practically a voluntary payment. Nor did an assignment by the assured to this insurer of its proportion of the loss give any right to maintain a separate action to recover its proportion of damages resulting from an indivisible tort.

2. IBID.—IBID.—IBID.—BAR TO ACTION.—Therefore, it follows that the other insurers, holding like assignments, together with the assured, were not barred by such prior judgment and payment, either under the rules of the Code of Procedure or the general principles of law, from maintaining a joint action to recover the damages resulting to them from the fire caused by defendant's tort.

3. IBID.—IBID.—IBID.—COMMUNICATED FIRE.—The insurers becoming, by payment, subrogated as equitable assignees to the rights of the assured, may join in action to recover from a railroad company the damages resulting from a fire which was caused by sparks from defendant's locomotive, and for which the defendant is made liable by statute.

4. COMMUNICATED FIRE—CONSTITUTIONAL LAW.—The constitutionality of this statute has been declared in McCandless *v.* Richmond &c. Railroad Company, 38 S. C., 103. [1]

Before IZLAR, J., Greenville, March, 1893.

Action by the Mobile Insurance Company, Ætna Insurance Company, and Carroll & Stacy against the Columbia and Greenville Railroad Company.

*Messrs. Cothran, Wells, Ansel & Cothran,* for appellants.

*Mr. B. L. Abney,* contra.

June 25, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   A brief statement of the conceded facts of this case will be necessary for a proper understanding of the questions raised by this appeal.   On or about

[1] See Matthews *v.* Railroad Company and Campbell *v.* Railroad Company (Mo.), 25 L. R. A., 161 and 175, and the note on page 161.

the 2d day of March, 1889, the plaintiffs, Carroll & Stacy, delivered to the defendant company, or rather to its lessee, the Richmond and Danville Railroad Company, 147 bales of cotton for shipment, and on the same day took out policies of insurance for different amounts on the said cotton from the following named companies, viz: the Mobile Insurance Company, the Ætna Insurance Company, and the Springfield Fire and Marine Insurance Company.   On the 15th of March, 1889, 118 bales of the said cotton were destroyed by fire communicated by sparks from the locomotive engines of the Richmond and Danville Railroad Company, the lessee of the defendant company, not through any negligence of either of the said companies.   The loss thus occasioned was apportioned amongst the several parties as follows: to the Mobile Insurance Company, $1,667.60; to the Ætna Insurance Company, $2,501.40; to the Springfield Fire and Marine Insurance Company, $833.80, and to the assured, Carroll & Stacy, $401.84.

On the 28th of March, 1889, the Springfield Fire and Marine Insurance Company paid to Carroll & Stacy its proportion of the loss, taking from them a subrogation receipt, of which the following is a copy: "$833.80. Received of the Springfield Fire and Marine Insurance Company, Mass., by hand of E. M. Bollin, the sum of eight hundred and thirty-three and 80–100 dollars, being in full of all claims and demands for loss and damage by fire on the 15th day of March, 1889, to the property insured by Policy No. 535, issued at the Greenville, S. C., agency of said company, and in consideration of such payment the undersigned hereby assigns and transfers to the said company each and all claims and demands against any person, persons, corporations or property arising from or connected with such loss or damage (and the said company is subrogated in the place and to the claims and demands of the undersigned against any person, persons, corporation or property in the premises) to the extent of the amount above named.   (Signed) Carroll & Stacy."
On the 6th of April, 1889, the Mobile Insurance Company paid to Carroll & Stacy its proportion of the loss, and took a subrogation receipt from them similar to the one above copied, and on the 15th of April, 1889, the Ætna Insurance Company like-

wise paid to Carroll & Stacy its proportion of the loss, taking from them a similar subrogation receipt.

On the 23d of September, 1889, the Springfield Fire and Marine Insurance Company commenced an action against the Richmond and Danville Railroad Company to recover the amount which it had paid to Carroll & Stacy as its proportion of the loss, as above stated, to wit: the sum of $833.80, and to whose rights it had thereby become subrogated, and recovered judgment therefor in November, 1890, which judgment was subsequently, to wit: on the 12th of February, 1892, paid by the Richmond and Danville Railroad Company.

On the 11th of October, 1892, the present action was commenced, in which the plaintiffs seek to recover the sum of forty-five hundred and seventy and 84-100 dollars, being the aggregate amount of the loss apportioned to the three plaintiffs. A jury trial having been duly waived, the case was heard by his honor, Judge Izlar, who rendered judgment in favor of the plaintiffs for the amount claimed. From this judgment defendant appeals upon the several grounds set out in the record, which need not be repeated here, as we propose to state and consider what we understand to be the several questions raised by these grounds, which are as follows: 1st. Whether the judgment recovered by the Springfield Fire and Marine Insurance Company for its proportion of the loss, and the payment thereof, operates as a bar to the present action. 2d. Whether any one but the owner can maintain an action, under section 1511 of the General Statutes of 1882, to recover damages for the destruction of property by fire, against a railroad company. 3d. Whether said section 1511 is constitutional.

The doctrine being well settled that an insurer, after payment of a loss incurred by the assured, is subrogated to all the rights of the assured against the person or corporation whose tortious act has caused the loss, the practical inquiry which lies at the foundation of the first question presented by this appeal is, how is this right of subrogation to be enforced, where, as in this case, there are several insurers of the same property, each of whom has paid to the assured its proportion of the loss under the several policies issued by

them, leaving the balance of the loss to fall upon the assured. To solve this inquiry it is necessary to bear in mind another well settled principle, which is thus stated in 2 Black on Judgments, section 734: "When a demand or right of action is, in its nature, entire and indivisible, it cannot be split up into several causes of action and made the basis of as many separate suits, but a recovery for one part will bar a subsequent action for the whole, the residue, or another part." And in support of this doctrine the author cites, from the case of *Sykes* v. *Gerber*, 98 Penn. St., 179, the following language: "The general rule is that it is against the policy of the law to permit a plaintiff to prosecute, in a second action, for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs."

In *Hart* v. *Western Railroad Company*, 13 Metc. (Mass.), 99, it was held that where A's house, which was insured, was injured by fire communicated from the locomotive engine of the defendant company, and the insurers paid to A the amount of his loss, for which the defendant company was also responsible to A, such payment did not bar A's right to recover also from the railroad company, for A, by receiving payment from the insurers, became trustee for them, and by necessary implication made an equitable assignment to them of his right to recover from the railroad company; and that the insurers, by indemnifying A against costs and expenses, might bring an action in his name for their own benefit against the railroad company, which action A could not legally release. In delivering the opinion in that case, Shaw, C. J., stated the rule as follows: "The liability of the railroad company is, in legal effect, first and principal, and that of the insurer secondary; not in order of time but in order of ultimate liability. The assured may first apply to whichever of these parties he pleases—to the railroad company, by his right at law, or to the insurance company, in virtue of his contract. But if he applies first to the railroad company, who pays him, he thereby diminishes his loss, by the application of a sum arising out of the subject of the insurance, to wit: the building insured, and

his claim is for the balance. And it follows as a necessary consequence that if he first applied to the insurer and received his whole loss, he holds the claim against the railroad company in trust for the insurer. Where such an equity exists, the party holding the legal right is conscientiously bound to make an assignment, in equity, to the person entitled to the benefit; and if he fails to do so, the *cestui que trust* may sue in the name of the trustee, and his equitable interest will be protected." See, also, *Hall & Long* v. *Railroad Company*, 13 Wall., 370; *Mobile &c. Railway Company* v. *Jurey*, 111 U. S., 584.

From these authorities it would seem to follow that where several insurance companies have paid to the assured the several amounts required by their respective policies, and thereby become subrogated to the rights of the assured against the person or corporation by whose tortious act the loss has been caused, the proper mode of enforcing such right of subrogation (passing by for the present the consideration of any change which may have been made by the Code of Procedure), would be by an action in the name of the assured for the benefit of such insurance companies. If this be so, then it follows that the Springfield Fire and Marine Insurance Company had no right to maintain a separate action either against the defendant company or its lessee to recover its proportion of the loss sustained by the tortious act of the said companies, or either of them; and accordingly it has been so held in *Continental Insurance Company* v. *The H. M. Loud & Sons' Lumber Company*, 93 Mich., 139 (reported also in 32 Am. St. Rep., 494), a case in all respects similar to this. Hence, when the defendant company permitted the Springfield Company to take judgment against it, from which there was no appeal, and paid the amount recovered, it was practically the same thing as a confession of judgment and a voluntary payment, which, of course, cannot operate as a bar to the present action.

The fact that the Springfield Company took from Carroll & Stacy, when it paid them its proportion of the loss, the subrogation receipt above copied, in which said Carroll & Stacy assigned to that company its claim against the railroad company to the extent of the amount so paid, cannot affect the question.

For that was a partial assignment of a single and indivisible cause of action, and whatever equitable rights it may have conferred upon the Springfield Company, it certainly did not confer upon that company the right to maintain an action at law to recover its proportion of the damages resulting from a single and indivisible cause of action shared in by others.    See *Exchange Bank* v. *McLoon,* 73 Me., 498 (reported also in 40 Am. Rep., 388), and *James* v. *City of Newton,* 142 Mass., 368, reported also in 56 Am. Rep., 692.

It may be said that the rule stated above as to the mode of enforcing the right of subrogation in cases like the present has been modified by the provisions of the Code requiring that all actions must be prosecuted in the name of the real party in interest, with certain exceptions not pertinent here.    But granting this to be so, we do not see how such change can affect the present case.    The interest of the Springfield Company having been eliminated by the voluntary payment of its claim, the only remaining real parties in interest are the present plaintiffs, and, therefore, the Code presents no obstacle to the maintenance of this action. ˙ But there is another provision of the Code, requiring that all parties united in interest must be joined as plaintiffs or defendants; and as none of the present plaintiffs were made parties, either as plaintiffs or defendants, to the action brought by the Springfield Company, this constituted another obstacle to the maintenance of that action, and, therefore, affords another reason why that action and the judgment therein recovered cannot operate as a bar to the present action.

Again, it is laid down in some of the cases that one of the tests as to whether one action, or the judgment recovered therein, can operate as a bar to a second action, is to inquire whether the amount sought to be recovered in the second action could, by proper pleadings and proofs, have been recovered in the first action.    It is very obvious that this case cannot stand that test; for surely it will not be contended that, by any form of pleading or proof, the Springfield Company could have recovered anything more than its proportion of the loss.    There was no such relation of trust or otherwise existing between it

and either of the other insurance companies, or Carroll & Stacy, as would authorize it to recover the portions due to them respectively.

The most, if not all, of the cases cited by the appellant's counsel, to show that a recovery of a part of the damages resulting from a single indivisible tort, will bar a second action, based upon the same tort, to recover additional damages, are cases in which the two actions were brought by the same plaintiff, who might, by proper pleadings and proofs, have recovered in the first action the amount sought to be recovered in the second. In such cases we can readily see the propriety of holding that the first action would be a bar to the second. But we would be slow to follow any authority, or to adopt any principle of law (if, indeed, any such can be found), which would require us to hold that one of several insurance companies, who, by paying its proportion of the loss arising from an indivisible cause of action, and has thereby become subrogated to the rights of the assured against the tort feasor, can, by bringing its separate action against such tort-feasor and recovering judgment therein, bar another action brought by the proper parties on the same cause of action. We do not think that there was any error on the part of the Circuit Judge in holding that the action brought by the Springfield Fire and Marine Insurance Company, with the judgment recovered therein and its payment, did not operate as a bar to the present action.

As to the second question presented by the appeal, inasmuch as Carroll & Stacy, who unquestionably were the owners of the property destroyed, and their coplaintiffs are, at least, their equitable assignees, to the extent of their proportions of the common loss, we see nothing practical in it, and, therefore, such of the grounds of appeal as raise this question must be overruled.

The third and only remaining question has been concluded by the decision of this court in the case of *McCandless* v. *Richmond & Danville Railroad Company*, 38 S. C., 103, which, until overruled by proper authority, must be respected and followed as a correct declaration of the law of this

State, whatever may be the individual opinion of any member of the court, or any other citizen.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.