7570

EX PARTE INSURANCE CO., *IN RE* MAYFIELD, v. SOUTHERN RY.

INSURANCE—SUBROGATION—PARTIES—MOTION.—Where the insured has instituted an action in his own behalf to recover the difference between the loss caused by a communicated fire and the amount of insurance paid the insured, having a subrogation clause in his contract, the insurer should assert its claim to subrogation by a motion to be made a party and to require the complaint amended so as to set out the facts upon which it claimed the equity of subrogation.

Before WILSON, J., Bamberg, ————.    Reversed.

Petition by the Phoenix Insurance Company in the case of Leda K. Mayfield against Southern Railway Company. From Circuit order refusing petition, petitioner appeals.

*Messrs Slayton & Philips* and *J. A. Wyman,* for petitioner.

*Messrs. R. C. Holman* and *J. F. Carter* for defendant-respondent.

May 11, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In this case an original complaint appears at the beginning of the record under the title *"Ex parte Phoenix Ins. Co. in re Mrs. Leda K. Mayfield* v. *Southern Ry. Co., Carolina Division."* The complaint sets

out the destruction of property of Mrs. Mayfield by fire, the liability of the Southern Railway Company for the resulting loss, the payment of insurance by the Phoenix Insurance Company and its right of subrogation to the extent of the payment. The Court received the impression from the caption that this complaint was filed on behalf of the insurance company, and this impression was confirmed by the appearance in the record of another complaint under the same caption called "supplemental complaint." With this understanding of the pleadings this Court affirmed the judgment of the Circuit Court. A petition for rehearing has been filed and we are now convinced that the first complaint printed in the record was in fact a complaint filed by Mrs. Leda K. Mayfield, and that the only pleading filed by the Phoenix Insurance Company was the complaint improperly designated "supplemental complaint." This state of the pleadings is vital and requires a change in the judgment of the Court.

Mrs. Leda K. Mayfield brought her action against the Southern Railway Company, Carolina Division, for the loss of certain property which she alleged was destroyed by fire communicated by sparks from the defendant company's locomotives. Her complaint set out that part of the loss had been paid by the Phoenix Insurance Company under its policy, and her demand was for judgment for the difference between the alleged value of the property lost and the insurance received. Afterwards the Phoenix Insurance Company filed what is termed in the record a "supplemental complaint," setting out more fully the facts upon which it claimed the right of subrogation. In the complaint judgment was demanded for $7,250.00, the entire alleged value of the property. The defendant answered this complaint by a general denial and by the allegation that there was another action pending for the same cause of action. This complaint was entitled, *"Ex parte Phoenix Ins. Co., in re Mrs.*

*L. K. Mayfield and Phoenix Ins. Co.* v. *Southern Railway Co., Carolina Division, Supplemental Complaint."*

In this state of the pleadings Judge Wilson refused a motion made on behalf of the Phoenix Insurance Company to join that company as a party plaintiff in the action of Mrs. Mayfield and to allow the supplemental complaint to be made a part of the pleadings in that case. The ground upon which the motion was refused does not appear in the record.

While a simpler method might have been found, we think the procedure adopted by the Phoenix Insurance Company is in substantial compliance with the views expressed in *Mobile Insurance Company* v. *Columbia etc. Ry Co.,* 41 S. C., 408, 19 S. E., 858. It was there held that where the equity of subrogation exists in favor of the insurance company, the insured after receiving payment from the insurer becomes a trustee of the insurer to that extent, and to that extent is bound to assign to the insurance company the claim against the railroad company; and if the insured fails to make the assignment, the insurer as *cestui que trust* may sue in the name of the insured as trustee. The Court indicated further that the cause of action in such a case is not divisible and that the rights of all parties interested in the loss should be adjudicated in one action. From this it follows that when the insured has instituted an action in his own behalf to recover only the difference between the loss and the insurance paid, the insurer should assert its claim to subrogation by a motion to be made a party and to require the complaint amended so as to set out the facts upon which it claims the equity of subrogation. It is of course understood that this opinion does not bear at all on the question whether Mrs. Mayfield or the Phoenix Insurance Company have any cause of action against the Southern Railway Company.

The judgment of this Court is that the judgment of the Circuit Court be reversed.