**FERD BRENNER LUMBER CO. v. DAVIS, Director General of Railroads.**

(District Court, W. D. Louisiana, Alexandria Division. October 10, 1925.)

No. 1481.

1. **Judgment** ⊜⊐526—**In determining effect of judgment or decree, meaning of which is uncertain, resort may be had to record on which it is based.**

In determining effect of judgment or decree, meaning of which is uncertain, resort may be had to record on which it is based.

2. **Commerce** ⊜⊐88—**Reparation order held sufficient to support action against Director General of Railroads, though not named as agent of any particular carrier.**

Reparation order of Interstate Commerce Comission *held* sufficient under Transportation Act 1920, § 206, subd. (a) being Comp. St. Ann. Supp. 1923, § 10071¼cc, to support action against Director General of Railroads, though it did not name him as agent of any particular carrier.

At Law. Action by the Ferd Brenner Lumber Company against James C. Davis, Director General of Railroads, as Agent. On exception to petition. Exception overruled.

White, Holloman & White, of Alexandria, La., for plaintiff.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., and Peterman, Dear & Peterman, of Alexandria, La., for defendant.

DAWKINS, District Judge. Defendant, the Director General of Railroads, as agent operating the Texas & Pacific Railway Company, has excepted to the petition in this case, alleging that it discloses no cause or right of action, because the order of the Interstate Commerce Commission, directing reparation in the proceedings before it, did not name the Director General "as agent in the operation of any particular carrier, and is therefore not such as may be sued upon under section 206(a) of the Transportation Act of 1920."

[1, 2] However, it is a well-settled rule of interpretation that, in determining the effect of a judgment or decree, if its meaning is in any wise uncertain, resort may be had to the record upon which it is based. 34 C. J. 503, § 796, verbo "Pleading," and authorities cited in footnotes. The order of the Commission in the proceedings before it in the present case specifically makes part thereof "its report in the above-entitled proceeding," which report clearly discloses that its finding was against the Director General, as agent operating the Texas & Pacific Railway Company. Plaintiff attaches and makes part of its amended petition the proceedings before the Commission, and hence I think clearly states a cause of action as the case now stands. The report or ruling of the Commission went thoroughly into the question of the rights of the several defendants before it, and found that the Texas & Pacific Railway Company was liable as in damages for the amount of the excess freight collected over the tariff which it had published, and under which the plaintiff in this case had shipped its lumber. It absolved all of the other railway companies from any liability therefor.

For the reasons assigned, the exception of no cause or right of action is overruled.