16074

PRINGLE v. ATLANTIC COAST LINE R. CO.
(47 S. E. (2d) 722)

304

*Messrs. Hagood, Rivers & Young,* of Charleston, for Appellant,

*Messrs. Augustine T. Smythe* and *Augustine T. Smythe, Jr.,* of Charleston, for Respondent,

*Messrs. Hagood, Rivers & Young,* of Charleston, for Appellant, in reply,

May 4, 1948.

FISHBURNE, Justice.

This action was instituted by the plaintiff in his own right for the recovery of damages in the sum of $2900. It is alleged in the complaint that the plaintiff's truck and trailer were damaged in this amount on March 6, 1947, when negligently struck by a train of the defendant at a crossing in Charleston County.

The defendant set up several defenses, but the defense with which we have to deal on this appeal is contained in the sixth paragraph of the answer, wherein it is alleged:

"Further answering said complaint and as and for a further defense, the defendant alleges, on information and belief, that the plaintiff is a trustee under an express trust for the benefit of the National Retailers Mutual Insurance Company, a corporation, by reason of a certain policy of insurance issued by the National Retailers Mutual Insurance Company to the plaintiff covering damages to the said tractor and trailer involved in the collision herein, and under said policy of insurance the said insurance company has paid the plaintiff the sum of One Thousand Two Hundred Ninety Seven and 44/100 ($1,297.44) Dollars, and thereby is subrogated to the rights of the plaintiff in said amount, and the instant action is for the benefit of the plaintiff in his own right and as trustee under an express trust for the benefit of the National Retailers Mutual Insurance Company."

Plaintiff upon due notice moved to strike this paragraph from the answer on the ground that the matters therein set forth are incompetent, immaterial, and irrelevant, and con-

stitute no defense. This motion was heard before the circuit judge, who in a formal order granted the motion, as a result of which the defendant was required and directed to serve an amended answer with the sixth paragraph omitted therefrom.

The appellant takes the position that the action is not well brought or maintained in the name of the respondent, the insured, in his own right. It is argued in substantial effect that the action should either have been brought in the name of the owner of the property with the insurer, National Retailers Mutual Insurance Company, joined as a co-plaintiff, or else that the complaint should have definitely alleged that the action was being brought by the insured in his own right and as trustee for the benefit of the insurer to the extent of the insurance paid by it.

Under the common law, a pleading in a case of this character on the part of the plaintiff looked to the entire legal interest, and did not directly recognize the beneficial interest or equitable right of the subrogee. The test which it applied was that of the strict legal title to the chose in action in its entirety. In view of common law procedure, he who was clothed with this legal title had the exclusive right of action, although the entire beneficial interest, with the equitable title, was in soneone else. A plaintiff, to state a cause of action, was required to show a remedial interest, and there was under a common law action as a rule, no test of remedial interest save the legal title. *Mobile Ins. Co. v. Columbia, etc. R. Co.,* 41 S. C. 408, 19 S. E. 858, 44 Am. St. Rep. 725; Annotations, 157 A. L. R. 1243, 1251; 96 A. L. R. 865, 879.

So that under the common law it has been generally held that an insurer which has paid a loss to the insured is entitled to be subrogated to the rights of the latter against the person or persons whose wrongful act or omission has caused the loss. In accordance with this

rule, a suit at law to enforce such right of subrogation should be brought in the name of the insured rather than by the Insurance Company in its own name and right.

Under the Code practice, the cause of action is said to be indivisible. And the rule supported by the majority of cases is that where the loss exceeds the amount of the insurance paid, as is apparent in the case now before us, the Insurance Company is not the real party in interest so as to permit it to sue in its own name to secure reimbursement for the amount paid by it to the insured. *State Ins. Co. v. Oregon Ry., etc., Nav. Co.,* 20 Or. 563, 26 P. 838; *Home Mut. Ins. Co. v. Oregon Ry. & Nav. Co.,* 20 Or. 569, 26 P. 857, 23 Am. St. Rep. 151; *Kansas City, Mexico & Orient Railway Co. v. Shutt,* 24 Okl. 96, 104 P. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255; *Powell & Powell v. Wake Water Co.,* 171 N. C. 290, 88 S. E. 426, Ann. Cas. 1917A, 1302; *Shiman Brothers & Co. v. Nebraska Nat. Hotel Co.,* 143 Neb. 404, 9 N. W. (2d) 807.

Our Code provides (Section 397) that every action must be prosecuted in the name of the real party in interest. Under the pleadings it would appear that the plaintiff has received from his insurer, the National Retailers Mutual Insurance Company, the sum of One Thousand Two Hundred Forty-Seven and 44/100 ($1297.44) Dollars, which is only a part of the loss alleged to have been suffered by him through the negligent conduct of the defendant. Under this state of facts the plaintiff is the real party in interest.

The applicable rule is:

"Under Statutes providing that every action must be prosecuted in the name of the real party in interest, it is generally held that if the insurance paid by an insurer covers only a portion of the loss, * * * the right of action against the wrong doer who caused the loss remains in the insured for the entire loss, and the action must be brought

by him in his own name." 29 Am. Jur. Page 1016, Sec. 1358, and see the numerous supporting authorities cited under this section.

It has been well said that the rule that the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss, where the insurance paid by an insurer covers only a portion of the loss, rests upon the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong. This splitting is avoided by having the suit brought in the name of the insured.

There is no question but that the Insurance Company could not have brought the action in its own name. The loss as shown here was greater than the amount of the insurance paid. The suit, therefore, has been properly brought against the Railroad Company by the plaintiff for the entire loss. The reason for this procedure is apparent. If one insurer may sue, then, if there are a dozen, each may sue; and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance.

It has been held by this Court that the insurer who has paid the insured the full amount of the loss sustained might sue on the owner's cause of action in the insurer's own name. In such case, the whole remedial right is vested in the insurer. *Globe & Rutgers Fire Ins. Co. v. Foil,* 189 S. C. 91, 200 S. E. 97, 101; Annotation, 96 A. L. R. 864, 876. We stated in the foregoing case, where the insurance paid equalled the entire loss, that "An action may be brought by the insurer against the third person causing the loss without taking an assignment of the owner's claim or being formally subrogated to his rights; and it is immaterial whether such right of subrogation was stipulated in the contract or not."

The right of an Insurance Company to proceed in its own name is a right, which it alone can assert, and which cannot be asserted by the defendant tort-feasor. Hence, such defendant cannot complain if the action is brought in the name of the assured. *Foster v. Missouri Pac. R. Co.,* 143 Mo. App. 547, 128 S. W. 36, 37, wherein the Court said:

"But the right of the insurance company is not one that the wrong doer can assert to defend an action against him by the property owner. With the equities existing between the insurance company and the owner of the property he has no concern. His primary liability is to the owner whose property he has destroyed, and unless the insurance company appears and asserts its rights the tort-feasor cannot assert them for it."

The right of action against a tort-feasor whose act occasions loss or damage is not severable. And if an Insurance Company pays only a portion of the loss sustained by the insured, although the Insurance Company is subrogated to the rights of the insured, to the extent of the indemnity paid, it has no right to bring an action to enforce such subrogation distinct from the action brought by the insured.

The foregoing rule is subject to certain qualifications. One of which is that it will not be applied where the insured has parted with all beneficial interest in the right of action. Or where the insured, after settling with the wrongdoer out of Court, arbitrarily refuses to bring the action. *Ex parte Phoenix Ins. Co.,* 86 S. C. 52, 68 S. E. 21; *Ætna Ins. Co. v. Charleston, etc. R. Co.,* 76 S. C. 101, 56 S. E. 788.

We have sanctioned action by the insured, as trustee for the use and benefit of the insurer, where the loss has been fully covered by the insurance payment. But this is done only by and with the consent of the Insurance Company. *Lucas et al. v. Garrett et al.,* 208 S. C. 292, 38 S. E. (2d) 18 (1st Appeal); *Lucas et al. v. Garrett et al.,*

209 S. C. 521, 41 S. E. (2d) 212, 169 A. L. R. 660 (2nd Appeal).

> Where the loss suffered by the insured is greater than the insurance paid, we have likewise sanctioned bringing of the action against the wrongdoer by the insured and the insurer. *Mobile Ins. Co. et al. v. Columbia, etc., R. Co.,* 41 S. C. 408, 19 S. E. 858, 44 Am. St. Rep., 725; *Farmers' Mercantile Co. et al. v. Seaboard Air Line Ry.,* 102 S. C. 348, 86 S. E. 678.

But as heretofore pointed out whether the Insurance Company is originally joined as a plaintiff or intervenes is not a matter with which the defendant wrongdoer is concerned.

The plaintiff as the insured is the trustee for the Insurance Company for whatever amount was paid by it to him under the policy. With the matter of adjustment or settlement between them the defendant has no concern. If the Insurance Company does not elect to intervene and have the amount awarded to it in this action, relying upon an accounting with the insured as to its subrogated rights, that could not prejudice the defendant Railroad Company.

It follows that the lower court committed no error in striking paragraph six from the answer.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR, and OXNER, JJ., concur.