**PINEWOOD GIN COMPANY, Plaintiff,**

v.

**CAROLINA POWER & LIGHT COM-PANY, Defendant.**

**Civ. A. No. 66–304.**

United States District Court
D. South Carolina,
Columbia Division.

Nov. 8, 1966.

M. M. Weinberg, Sumter, S. C., for plaintiff.

Sherwood H. Smith, Jr., Raleigh, N. C., John D. Lee, Sumter, S. C., for defendant.

## ORDER

SIMONS, District Judge.

Pinewood Gin Company commenced this action in the Court of Common Pleas for Sumter County, South Carolina, seeking actual and punitive damages in the sum of $50,000 arising from the destruction of its cotton by fire. The plaintiff alleges negligence and recklessness on the part of Carolina Power and Light Company in that it allowed two overhead secondary power lines to come into contact directly over the gin yard of plaintiff's cotton gin causing sparks which ignited and destroyed $10,500.00 worth of cotton directly below these lines. Defendant thereupon removed this action to the United States District

Court, the ground of removal being diversity of citizenship and the requisite amount in controversy.

Presently before the court is an amended motion asking, first, the joinder of Lloyds of New York Insurance Company as an involuntary party plaintiff upon ground that it is a real party in interest, and as such should be joined under Rules 17(a) and 19(a) of the Federal Rules of Civil Procedure; secondly, to dismiss Pinewood Gin Company as a party plaintiff in that it has no interest in this controversy.

Upon the court's hearing of this matter it has been established that Lloyds of New York Insurance Company has paid to the plaintiff, Pinewood Gin Company, the sum of $10,518.00, which is memorialized by a subrogation receipt and a notice of subrogation interest and lien, which instruments are attached to the defendant's motion. Lloyds of New York Insurance Company's interest in the litigation is undisputed. Nevertheless it has been shown that Lloyds's policy carried a $150.00 deductible provision, in other words, $150.00 of the loss is now borne by the plaintiff, Pinewood Gin Company, and the balance by Lloyds of New York Insurance Company. Under such a factual situation, Pinewood Gin Company has an interest, though limited in amount, in the litigation and must be retained as a party plaintiff. The remaining question before the court is whether the defendant can compel a joinder of Lloyds of New York Insurance Company as an involuntary plaintiff.

The threshold question invoked by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) is whether the South Carolina Rule which is quite clear in not allowing such a joinder would govern in this instance. This expression of the South Carolina law is found in Pringle v. Atlantic Coast Line R. Co., 212 S.C. 303, 47 S.E.2d 722,

at 724 (1948). Irrespective of the South Carolina real party in interest statute, the insurance company cannot bring an action in its own name where the loss was greater than the amount of insurance paid. "The reason for this procedure is apparent. One insured may sue, then, if there are a dozen, each may sue; and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance. * * *"

"[W]hether the Insurance Company is originally joined as a plaintiff or intervenes is not a matter with which the defendant wrong doer is concerned. The plaintiff as the insured is the trustee for the Insurance Company for whatever amount was paid by it to him under the policy. With the matter of adjustment or settlement between them the defendant has no concern. If the Insurance Company does not elect to intervene and have the amount awarded to it in this action, relying upon an accounting with the insured as to its subrogated rights, that could not prejudice the defendant Railroad Company." Id. 47 S.E.2d at p. 725.

The plaintiff urges that the court follow the South Carolina Rule. Under *Erie,* this court must follow the state substantive law, decisional as well as statutory, in the adjudication of state created rights. Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4 Cir. 1965). Moreover "a state procedural rule must be followed if it is bound up with the state-created rights and obligations, but if it is a mere form or mode of enforcing rights its application by a federal diversity court will hinge on a broader inquiry. The federal court should conform in such cases, 'as near as may be— in the absence of other considerations— to state rules' when they may substantially affect the outcome of the litigation. Byrd v. Blue Ridge [Elec.] Co-operative, 356 U.S. 525, 536, 78 S.Ct. 893, 2 L.Ed. 2d 953 (1958)." Id. at p. 63.

The mandate of the Supreme Court in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), however, would preclude this court from this "inquiry." There in direct clash was Rule 4(d) (1) of the Federal Rules of Civil Procedure and the Massachusetts statutes. Under the Massachusetts rule the method of service was inadequate—in-hand service being required. In upholding the Federal Rule, the Court said at p. 470, 85 S.Ct. at p. 1143:

"The *Erie* rule has never been invoked to void a Federal Rule. It is true that there have been cases where this Court has held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, *Erie* commanded the enforcement of state law. * * *

"*Erie* and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules. Cf. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857. 'When, because the plaintiff happens to be a non-resident, such a right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic.' Guaranty Trust Co. [of New York] v. York, supra, 326 U.S. [99], at 108, 65 S.Ct. [1464], at 1469, 89 L.Ed. 2079; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 1229 [93 L.Ed. 1528]. Thus, though a court, in measuring a Federal Rule against the standards contained in the Enabling Act and the Constitution, need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts, Sibbach v. Wilson & Co., supra, 312 U.S. [1], at 13–14, 61 S.Ct. [422], 426–427 [85 L.Ed. 479], it cannot be forgotten that the *Erie* rule, and the guidelines suggested in York, were created to serve another purpose altogether. To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. Rule 4(d) (1) is valid and controls the instant case." Id. at pp. 473–474, 85 S.Ct. at p. 1145.[1]

Under such command of the Supreme Court, this court must follow the Federal Rules of Civil Procedure. Rules 17(a)

---

[1]. Cf. United States v. Aetna Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171. The Court at page 381, 70 S.Ct. at page 215 stated:

"Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

"Although either party may sue, the United States, upon timely motion, may compel their joinder. Delaware County v. Diebold Safe & Lock Co., (1890) 133 U.S. 473, 488, 10 S.Ct. 399, 403, 33 L.Ed. 674 (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d Ed.) p. 1348. Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. Additional parties may be added at any state of the proceedings, on motion of the United States, upon such terms as may be just. Rule 21."

and 19(a) are both in point and a Tenth Circuit decision, Gas Service Co. v. Hunt, 183 F.2d 417 (1950) in a situation upon all fours with this action very clearly defines the scope of the rules in combination. This court is bound by the effect of its persuasion as stated at p. 419:

"It is the rule in the United States courts that where an insurer pays the insured in full for a loss and becomes subrogated to all of the rights of the insured against the wrongdoer, the action against the wrongdoer to recover in tort must be maintained in the name of the insurer. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207 [94 L.Ed. 171]; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7. And it is the further rule that where the owner has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid, both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names. Either may institute the action; but with certain exceptions not having material bearing here, upon timely motion of the alleged wrongdoer, the other should be joined as a party. United States v. Aetna Casualty & Surety Co., supra.

"As we understand, the rule in the state courts of Kansas is different. There, where loss by fire to insured property exceeds the amount paid by the insurer under its policy, the owner may maintain the action against the wrongdoer for the full amount of the loss. Clark v. Missouri Pacific Railroad Co., 134 Kan. 769, 8 P.2d 359; Klingberg v. Atchison, Topeka & Santa Fe Railway Co., 137 Kan. 523, 21 P.2d 405. Although it is provided by statute in that state that every action must be prosecuted in the name of the real party in interest, and although both the insured and the insurer are real parties in interest, the action may be brought in the name of the owner who will hold as trustee for the insurer in respect of such part of the amount recovered as the insurer has been compelled to pay under its policy. Grain Dealers' Nat. Mutual Fire Insurance Co. v. Missouri, Kansas & Texas Railway Co., 98 Kan. 344, 157 P. 1187; City of New York Insurance Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233.

"Manifestly, where the insurer has reimbursed the insured for part but not all of the loss of insured property by fire and the insured still asserts a claim against the wrongdoer for the loss in excess of the amount received from the insurer, the substantive rights of the parties are the same in the United States courts and in the courts of Kansas. The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for which he has not been reimbursed. The difference lies in the fact that in the United States courts the insurer must assert the claim in its own name against the wrongdoer for the loss up to the amount paid under the policy, and the insured must assert the claim in his name for the loss in excess of the amount paid by the insurer, while in the state courts of Kansas the insured may maintain the action for the entire amount, holding as trustee for the insurer the amount recovered up to the amount received under the policy and holding for himself the amount recovered in excess thereof. The right of action against the wrongdoer is substantive. Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32. And in a case of this kind it is the same in the United States courts and in the state courts of Kansas. There is no

conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive. Montgomery Ward & Co. v. Callahan, supra."

■■ Plaintiff's right to recover is governed by the substantive law of South Carolina; however the question of whether plaintiff may maintain this action and in its own name alone for its benefit and for the benefit of its insurer, or whether the insurer may be required upon motion of the alleged tort feasor to assert its claim in its own name for its portion of the loss is procedural rather than substantive. Consequently the Federal Rules of Civil Procedure, and not the South Carolina rules, govern upon the removal of said cause from the State court to this jurisdiction. See McWhirter v. Otis Elevator Co., 40 F.Supp. 11, pp. 14 and 15 (W.D.S.C.1941).

It further appears that Lloyds of New York Insurance Company is subject to service of process by this court and its joinder will not deprive the court of jurisdiction over the subject matter of the action. It is therefore

Ordered that Lloyds of New York Insurance Company be, and it hereby is, made a party plaintiff to this action, that the Clerk of this court issue the necessary summons and that it, together with a certified copy of this Order, be served upon the Honorable Charles W. Gambrell, Chief Insurance Commissioner, State of South Carolina, Columbia, South Carolina, as agent for service of process for said Company whose address is 70 Pine Street, New York, New York. Upon such service said Company shall within twenty (20) days thereafter, exclusive of the day of service, appear in this action and assert its claim in the subject matter of this controversy. It is further

Ordered that defendant's motion to dismiss Pinewood Gin Company as party plaintiff be, and the same is, denied.