0959

Charles David PAYNE, Appellant v. William J. BOUHAROUN, individually and as owner and agent of The Wine and Cheese Bar and The Wine and Cheese Bar, Respondents.

(356 S. E. (2d) 438)

Court of Appeals

*Timothy L. Brown,* of Greenville, *for appellant.*

*Lawrence T. Acker,* of Greenville, *for respondents.*

Heard April 14, 1987.

Decided May 11, 1987.

SHAW, Judge:

This is an appeal from a circuit court judge, sitting without a jury, who failed to address the issue of punitive damages. We remand.

On August 1, 1984, appellant, Charles David Payne, a 100% disabled veteran, entered The Wine and Cheese Bar, owned by respondent, William J. Bouharoun.[1] Shortly thereafter, Mr. Bouharoun, without provocation nor sufficient cause, threw Mr. Payne out of the place by pushing him through the door. He then hit Payne with a gun, kicked him and broke his wrist. After this assault, Mr. Bouharoun stated:

> You tell all of these people on Greenville Street, that Boston Lunch across there, the one's that sits on that park bench to stay out of my place. I'm going to make an example out of you and you're going to tell all of them.

The trial judge awarded actual damages of $2,758.20 and $1,258.20 for out of pocket expenses and $1,500.00 for pain and suffering. No appeal was taken to the actual damages award. However, the judge failed to address Mr. Payne's request for punitive damages.

Punitive damages are awarded for the purpose of punishing a tortfeasor for an exhibition of recklessness or negligence as evidences malice or the conscious disregard of the rights of others. *Willis v. Floyd Brace Co.*, 279 S. C. 458, 309 S. E. (2d) 295 (Ct. App. 1983); *Hall v. Walters*, 226 S. C. 430, 85 S. E. (2d) 729 (1955). The amount awarded is within the judgment and discretion of the fact finder. *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984).

We hold the actions by Mr. Bouharoun fall within the limits of conduct which allow an award of punitive damages.

We remand for a hearing on punitive damages.

GARDNER AND CURETON, JJ., concur.

---

[1] Mr. Bouharoun failed to respond to the pleadings and was in default.