0980

Charles Barry WADDELL, Respondent v. Ann Haldane JOHNSON, Carey T. Johnson, One 1983 Toyota VID Number JT2AE72E9D2006955, and South Carolina National Bank, Defendants, Appeal of SOUTH CAROLINA NATIONAL BANK.

(360 S. E. (2d) 517)

Court of Appeals

*Stan McGuffin,* of *The South Carolina Nat. Bank,* Columbia, *for appellant.*

*Alexander Hray, Jr.,* Spartanburg, *for respondent.*

Heard April 14, 1987.

Decided June 22, 1987.

GARDNER, Judge:

Charles Barry Waddell (Waddell) brought this negligence action against Ann H. Johnson, Carey T. Johnson, a 1983 Toyota automobile (the Toyota) and the South Carolina National Bank (the bank). The Johnsons were uninsured and defaulted. The bank answered by asserting a chattel mortgage lien on the Toyota, which it alleged to be superior to the statutory lien asserted by Waddell perforce of Section 29-15-20, Code of Laws of South Carolina (1976). The case was tried before the trial judge without a jury. The appealed order awarded judgment for Waddell for $1,725.33. It is conceded that Waddell's carrier, State Farm Mutual Insurance Company (State Farm) had paid Waddell $1,025.23 under the uninsured provisions of his policy and is subrogated to that extent. The bank appeals. We affirm.

The only issue of merit on appeal is the bank's assertion that Section 56-9-870, Code of Laws of South Carolina (1976) restricts the claim of an insurance carrier pursuing a subrogation claim under Section 29-15-20.

The doctrine is well settled in this state that an ■ insurer, after payment of the loss incurred by the insured, is subrogated to all the rights of the insured against the person or corporation whose tortious act caused the loss. A suit to enforce the subrogation rights may be brought by the insurer in the name of the insured; this is particularly true in situations in which the insured was not fully compensated for his or her loss; this is true because a demand cannot be split into several causes of action. *Mobile Ins. Co. v. Columbia & Greenville R. Co.,* 41 S. C. 408, 19 S. E. 858 (1894). When an action is brought in the name of an insured, who has been partially compensated by his insurer, he or she brings the action not only in his or her own right but as a trustee for what has been paid by the insurer. *See* 44 Am. Jur. (2d) *Insurance* Section 1823 (1982).

Section 29-15-20 provides in effect that when a person ■ is injured or damaged as a result of the negligent operation of a motor vehicle that damages recoverable therefor shall constitute a lien next in priority to the lien for state and county taxes upon such motor vehicle. Under this statute an in rem action may be brought against the motor vehicle or an action may be brought against both the tortfeasor and the car. *Stewart v. Martin*, 232 S. C. 483, 102 S. E. (2d) 886 (1958).

The precise question before us is whether the insurer's right of subrogation extends to a cause of action against the Toyota pursuant to Section 29-15-20. The bank urges that State Farm's right of subrogation is limited by Section 56-9-40, Code of Laws of South Carolina (1976), which provides:

**Section 56-9-40. Rights of conditional vendors, chattel mortgagees or lessors not affected.**
This chapter shall not affect the rights of any conditional vendor, chattel mortgagee, or lessor of a motor vehicle registered in the name of another as owner who becomes subject to the provisions of this chapter.

We reject the bank's contention. We hold that Section ■ 56-9-40 of the Motor Vehicle Financial Responsibility Act was inserted in the Act to relieve mortgagees of uninsured motor vehicles from the penalty provisions of the Act. We hold this because sections which are part of the same general statutory law must be construed together and effect given to each. *Columbia Gaslight Co. v. Mobley*, 139 S. C. 107, 137 S. E. 211 (1925).

Section 56-9-90, Code of Laws of South Carolina (1976), also part of the Financial Responsibility Act, provides:

**Section 56-9-90. Chapter as no bar to other remedies.**
Nothing in this chapter shall be construed as preventing the plaintiff in any action at law from relying for relief upon the other processes provided by law.

Additionally Section 56-9-100, Code of Laws of South Carolina (1976), provides:

**Section 56-9-100. Chapter is supplemental and cumulative.**

This chapter shall in no respect be considered as a repeal of any other provision contained in this Title or the motor vehicle laws of this State but shall be construed as supplemental and cumulative thereto.

With the above two statutes in mind, we hold (1) that a plaintiff, regardless of whether his action is a subrogated one, is not prevented by the Act from relying for relief under Section 29-15-20 and (2) that Section 29-15-20 was not repealed by the Financial Responsibility Act.

Moreover, neither the Johnsons nor the bank were parties to the uninsured insurance contract between Waddell and State Farm and are not released from any liability to Waddell regardless of whether he asserts the right in his own behalf or as trustee for his carrier. *Senn v. J. S. Weeks and Co.*, 255 S. C. 585, 180 S. E. (2d) 336 (1971). And we so hold.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SHAW and CURETON, JJ., concur.