W. Willard **WIRTZ**, Secretary of Labor, Plaintiff-Appellant,

v.

William ("Bill") Dean **CHASE**, individually, and d/b/a Bill Chase Used Cars, Defendant-Appellee.

No. 17847.

United States Court of Appeals Sixth Circuit.

Sept. 25, 1968.

Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., for appellant; Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, Caruthers C. Berger, Atty., U. S. Dept. of Labor, Washington, D. C., Jeter S. Ray, Regional Atty., on brief.

Conrad Finnell, of Finnell & Thompson, Cleveland, Tenn., for appellee.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

On March 16, 1963, the United States District Court for the Eastern District of Tennessee enjoined appellee, William Chase, from violating the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Appellee, under the name of Bill Chase Used Cars, carried on a relatively small operation—in part reconditioning and re-

selling used cars—at the City of Cleveland, Tennessee.

The Secretary's complaint, filed January 15, 1963, charged Chase with various violations of the Act, but did not seek the recovery of any amounts allegedly due to appellee's employees. Chase did not respond to process and on March 16, 1963, default decree was entered permanently enjoining Chase from further violations of the Act.

On October 6, 1966, the Secretary filed a petition for adjudication of civil contempt, charging that Chase had, during the period since March 16, 1963, committed violations of the Act, all in contempt of the injunction. In addition to an adjudication of contempt, the petition prayed that Chase be required to purge himself therefrom by paying to the Secretary, for the benefit of Chase's employees, wages that he had allegedly and illegally withheld from them, and to pay a compensatory fine to reimburse the Secretary for the costs of his investigation and the expenses of the litigation. Chase's answer denied that he was subject to the Fair Labor Standards Act, and further denied any violations, even were he subject to the Act. He pleaded affirmatively that any claim for minimum wages or overtime compensation for work done prior to October 6, 1964, was barred by the two-year period of limitations provided by Title 29, U.S.C. Section 255(a).

At trial, the District Court found Chase guilty of civil contempt of the Court's injunction. He directed that Chase purge himself of such contempt by paying to the Secretary $1,121.03 as a compensatory fine to reimburse the Secretary, in part, for the expenses of his investigation and the prosecution of the contempt action; he ordered Chase to pay the costs of the proceeding in the amount of $127.50. He did not require Chase to pay any sum as minimum or overtime wages due to his employees.

During trial, appellee's counsel objected to evidence of violations occurring prior to October 6, 1964, upon the ground that recovery therefor was barred by the limitation provided in § 255. The District Judge received such evidence and expressed himself as follows:

"Well, what I think I should do, I'll reserve a ruling upon the objection at this time and allow you to complete your record in the case and then reserve a ruling as to whether that testimony should or should not be stricken, until I've had an opportunity to study these cases. So you may proceed with your examination of the witness."

He later expressed a view that the statute of limitations did apply, but again reserved ruling on the point. Thereafter he sustained defense counsel's motion to strike such evidence. In his Findings of Fact and Conclusions of Law, the District Judge dealt with this subject as follows:

"The Court is of the opinion that it would be limited by 29 U.S.C. Section 255 to the period of two (2) years immediately preceding the filing of this action in determining any minimum wage payments that might be due or in determining any overtime payments that might be due. As I say, I'm unable, without at any rate further study of the record, to ascertain that the Court *is even in a position to make an approximation as to any such minimum wage or overtime compensation that may be due.* Therefore, unless the Court can from further study of this record make such an approximation, the Court would not deem it proper to make any award for such minimum wage or overtime compensation as a part of any decree." (Emphasis supplied.)

Thereafter, in an Amendment to Findings of Fact and Conclusions of Law, the District Judge concluded that the evidence did not permit him to make any award for minimum wages or overtime payment. The Amendment reads:

"At the conclusion of the trial of this case, the Court dictated from the bench its findings of fact and conclusions of law, reserving however for further consideration the issue of whether the

defendant should be required to pay any sum unto employees as minimum wages and/or overtime compensation due under the provisions of the Fair Labor Standards Act as a further condition to purging himself of the civil contempt found by the Court to have been committed by the defendant. Having considered further the testimony in the case, the Court is of the opinion that the evidence as to the dates of employment, hours of work, and compensation paid each employee are so uncertain, indefinite, and vague and that the testimony of certain witnesses is subject to question as to credibility as not to permit the Court to make a fair and reasonable approximation of any minimum wage or overtime payment due unto any particular employee. *Accordingly, no award for minimum wages or overtime payment due any employee will be included within the judgment.* (Emphasis supplied.)

In arriving at the compensatory fine, the District Judge followed the limitations statute to exclude therefrom government expenses incurred prior to October 6, 1964. The judgment accordingly required only that Chase purge himself of contempt by paying the compensatory fine and the costs of the suit.

We affirm.

The government's appeal to us presents its statement of question involved as:

"Does the two year limitation period provided in Section 6 of the Portal-to-Portal Act of 1947 (29 U.S.C. 255), which applies to 'any action commenced * * * to enforce any cause of action * * * under the Fair Labor Standards Act,' apply to the equitable remedies for civil contempt of court arising from violation of an injunction?"

In the per curiam opinion of this Court in Frost-Arnett Co. v. Tobin, 264 F.2d 246 (6th Cir. 1959), we affirmed an unreported decision of the District Court for the Western District of Tennessee, wherein the District Judge, in a contempt case like the one at bar, refused to apply the limitations statute, § 255, in fixing the amount of back wages required to be paid by an offending employer. There, interposition of the statute of limitations was belatedly made after the case had been tried and findings of fact and conclusions of law filed. Leave to plead the statute was then granted, and on the same day the matter was disposed of by an order concluding:

"Since this is not a new cause of action but a further step in the original proceeding herein to enforce an equitable remedy for civil contempt, growing out of defendant's noncompliance with the court's original decree, the employees herein are entitled to be compensated for the periods set out in the petition, irrespective of any limitations fixed by the Portal-to-Portal Act of 1947."

No further discussion of the point was set out by the District Judge or by this Court in its affirming per curiam.

In reaching a contrary conclusion in the present case, we need not conclude that our 1959 *Frost-Arnett* decision was erroneous. We think the Congress, by its 1961 amendment of 29 U.S.C. § 217—the section that permits the Secretary's injunction proceedings—evidenced a purpose to limit the recovery allowable in proceedings brought by the Secretary, including those for civil contempt, by the statute of limitations contained in § 255. A 1949 amendment to § 217 provided that no court would have jurisdiction in injunctive proceedings brought by the Secretary "to order the payment to employees of unpaid minimum wages or unpaid overtime compensation * * *." By the 1961 amendment, Pub.L. 87–30, 75 Stat. 74, this language was displaced and § 217 now permits the courts in such injunction proceedings to order payment of wages found to be due, but provides:

"except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title."

We assume that this exception has specifically to do only with money unpaid and owing to employees at the time the injunction action is commenced. It does, however, evidence Congressional purpose to forbid the Secretary from employing an equitable proceeding to collect stale claims that otherwise would be barred. The Portal-to-Portal Act, 29 U.S.C. § 251 et seq., which first announced a federal statute of limitations on wage claims, clearly expressed a purpose to protect employers from,

> "Wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others * * *."

In the light of the above amendment to § 217, the reasoning of such cases as Tobin v. Mason & Dixon Lines, 102 F. Supp. 466, 473–74 (E.D.Tenn.1951) and Tobin v. Alma Mills, 92 F.Supp. 728, 734 (W.D.S.C.1950) is applicable here. In both cases the respective District Judges held that the § 255 limitation period *did* apply in the situation here involved. In Tobin v. Mason & Dixon Lines, the only other case in this circuit besides *Frost-Arnett*, supra, in which the point was discussed,[1] Judge Robert Taylor followed

and quoted, *inter alia*, the following statement from the *Alma Mills* case:

> "Admittedly the statute of limitations would apply to any action brought by the employees. What greater right does the party suing have than the party for whose benefit the suit is brought? He must be limited in his recovery to that which the holder of the beneficial interest is entitled to." 102 F.Supp. at 473.

This makes sense to the writer.

We note also that § 255 was amended in 1966 by Pub.L. 89–601, 80 Stat. 844 to allow actions for unpaid minimum wages, overtime compensation, or liquidated damages to be commenced within *three* years in the case of a "cause of action arising out of a *willful* violation * * *." (Emphasis supplied.) We read this limitation on recovery for *willful* conduct as a further indication that Congress does not intend that claims against an employer, including those sought in an action denominated as proceedings for civil contempt, are to be allowed to reach back into time without limit.

Here the decree out of which the contempt arose was entered upon the default of appellee, a small operator who claimed that after its entry he had not violated the Act, and there were close questions whether he was subject to the Act, or had in fact violated it.[2] The statute of limitations we deal with, § 255, came into being as one of the means adopted by Congress to prevent disastrous visitation upon employers following the Portal-to-Portal decision.[3] It would

---

1. The Fifth Circuit in Wirtz v. Ocala Gas Company, 336 F.2d 236, 241, 243 (1964), followed *Frost-Arnett*, relying on the same language of the District Judge that we have set out above. See also Jacksonville Paper Co. v. Tobin, 206 F.2d 333, 334–335 (5th Cir. 1953).

2. The District Judge described Chase's operation in this way: "The evidence in this case would indicate that, at least in some instances, the Court is of the opinion that Mr. Chase hasn't gotten anything like his moneys worth out of his employees. He's attempting to operate his business in such a manner that I don't really see how he could expect to get his money back out of his employees. The record seems to indicate that they are permitted to go to work whenever they want to go to work, leave whenever they want to leave, they can imbibe whenever they want to imbibe, and the result is that he must get rather unsatisfactory employment out of his employees under those arrangements."

3. Anderson v. Mount Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90

not comport with equity if the Secretary, by obtaining an injunction against violations of the Act, could toll for all time the application of a relevant statute of limitations, choosing his own time to initiate contempt, and then require a District Judge to order the employer to pay back wages without limit in time, however stale the claims and however ruinous to an employer who thought he had been complying.

■ We observe also that the District Judge, whether required to do so, would have had the right, as chancellor, to employ a relevant limitations statute in providing the sanctions to be imposed for contempt of his injunction. The collection of unpaid minimum and overtime compensation following, and as a means of implementing a finding of contempt, is nowhere provided for by relevant statute. By court decision, however, it has become recognized that a chancellor, whose injunction has been disobeyed, may require a contemptuous employer to pay to the Secretary for the benefit of employees, past due compensation as a condition of purging himself of contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949); Fleming v. Warshawsky & Co., 123 F.2d 622, (7th Cir. 1941); Cf. Porter v. Warner Holding Co., 328 U.S. 395, 398, 399, 66 S.Ct. 1086, 90 L.Ed. 1332, 1337 (1946). We consider that under the facts of this case the District Judge would have been permitted to employ the maxim that "equity follows the law" and where, as here, the employees and the Secretary could have enforced their claims in suits at law, to use the relevant statute of limitations to measure the remedy.

"Where there is a corresponding legal right or remedy, although equity may have exclusive jurisdiction over the enforcement of the right, courts of equity ordinarily will apply the statute of limitations by analogy, * * *." 30A C.J.S. Equity § 131, at 90.

"In a broad sense the maxim means that equity follows the law to the extent of obeying it and conforming to its general rules and policies whether contained in the common or statute law. * * * where no countervailing equity requires different treatment, a court of equity in dealing with legal rights and interests will follow the rules of law in respect thereto. The maxim is strictly applicable whenever the rights of the parties are clearly defined and established by law, * *." 30 C.J.S. Equity § 103, at 1066–1067.

■■ The duty of the District Judge here was to fashion a remedial order which would vindicate his decree and impose such sanctions as would accomplish a purging of the contempt committed. The terms and style of such an order were within his discretion as chancellor. Triple "AAA" Co. v. Wirtz, 378 F.2d 884, 887 (10th Cir. 1967); Buckley v. Wirtz, 326 F.2d 838, 839 (10th Cir. 1964); Mitchell v. Strickland Transportation Co., 267 F.2d 821, 823 (5th Cir. 1959). These cases do not deal directly with the matter of sanctions but generally with the style of the original decree, but we consider them apposite. The chancellor may, of course, be reversed for abuse of such discretion. McComb v. Jacksonville Paper Co., supra; Mitchell v. Pidcock, 299 F.2d 281, 286–289 (5th Cir. 1962). But we would find no abuse of discretion in this case.

While it is not of controlling importance, we read the District Judge's relevant Finding of Fact as covering the entire time after entry of the default decree in 1963. He said:

"Having considered further the testimony in the case, the Court is of the opinion that the evidence as to the dates of employment, hours of work, and compensation paid each employee are so uncertain, indefinite, and vague

L.Ed. 1515 (1946). Prior to the enactment of § 255 — as part of the Portal-to-Portal Act — state statutes provided the only limitations. See 157 A.L.R. 545.

and that the testimony of certain witnesses is subject to question as to credibility as not to permit the Court to make a fair and reasonable approximation of any minimum wage or overtime payment due unto any particular employee. Accordingly, no award for minimum wages or overtime payment due any employee will be included within the judgment."

Judgment affirmed.