### In the Matter of David Joel SMITH & Debra Morgan Smith, Debtors.

### Bankruptcy No. 90–12162.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 23, 1991.

---

Roland Gariepy, Fort Wayne, Ind., for debtor.

R. David Boyer, Fort Wayne, Ind., trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

On January 19, 1988 debtors filed a voluntary petition for relief under Chapter 11 with the United States Bankruptcy Court for the District of Nevada. On October 19, 1988 the case was converted to Chapter 7 and Mr. Jack Fibelman was appointed trustee. Things apparently did not go well between the debtors and the trustee after the conversion of their case and, on May 25, 1989, the trustee filed a motion to dismiss the case or in the alternative to deny the discharge. When the motion came before the court, Judge Riegle determined that it should be granted and on July 3, 1989 ordered "that this case be dismissed with prejudice." (Exhibit 1).

On December 17, 1990, debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with this court. This matter is now before the court on a motion to dismiss, filed by the United States Trustee. The United States Trustee argues that Judge Riegle's dismissal of debtors' prior case "with prejudice" precludes them from ever seeking further relief under Title 11, thus, constituting "cause" for dismissal pursuant to 11 U.S.C. § 707(a). Consequently, the court is called upon to determine the effect which should be given to the dismissal of a previous bankruptcy case with prejudice. *See Pettibone Corp. v. Easley,* 935 F.2d 120, 123 (7th Cir.1991). ("Disputes about the effect of a decision in one case on the prosecution of another are for the judge presiding in the second case.")

The effect of the dismissal of a bankruptcy case is set out at § 349 of the Bankruptcy Code. In relevant part it reads:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title. 11 U.S.C. § 349(a).

The statute thus establishes a general rule that the dismissal of any bankruptcy case is usually without prejudice to the debtor's right to file a subsequent petition and to receive a discharge. It does, however, give the court discretion to deny the debtor the benefit of this general rule, if there is a reason to do so. *See* 2 *Collier on Bankruptcy,* para. 349.01 at 349–2 (Matthew Bender, 15th ed. 1991). Judge Riegle took advantage of this opportunity and, in the exercise of her discretion, found "cause" to dismiss the debtors' prior case "with prejudice." [1]

Section 109 of the Bankruptcy Code identifies who may and may not seek relief under its various chapters. In it Congress took great care to specify who does and who does not qualify as a debtor. *Toibb v. Radloff,* —— U.S. ——, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991). Where Chapter 7 is concerned it provides:

A person may be a debtor under chapter 7 of this title only if such person is not—
(1) a railroad;
(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, credit union or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 USC 1813(h)); or
(3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union, engaged in such business in the United States. 11 U.S.C. § 109(b).

The language of this statute is clear and unambiguous. *Toibb,* 111 S.Ct. at 2200. As such, it must be interpreted according to its plain meaning.

Congress knew how to restrict the availability of bankruptcy relief and those restrictions should be given full effect. The only explicit prohibition against serial filings is found at § 109(g), which renders a debtor ineligible for relief under Title 11 within 180 days of the dismissal of a prior case, if the previous case was dismissed under certain specified circumstances. Since the debtors' previous case was dismissed more than 180 days prior to the current filing, § 109(g) does not come into play.

█ With the exception of § 109(g), nothing in the Bankruptcy Code prohibits serial filings. Beyond this one restriction, the Code's other explicit references to multiple filings speak to their consequences and do not seek to prohibit them. Thus, although § 727(a)(8) & (9) will prevent a debtor from receiving a discharge if it was granted a discharge in a case commenced within six years before the date the petition for relief was filed, they do not operate to prevent the filing of a subsequent petition. *In re Nickerson,* 40 B.R. 693, 695 (Bankr. N.D.Tex.1984). If Congress had intended to prevent multiple filings such restrictions would be found in § 109; as a limitation upon the availability of bankruptcy relief, rather than being a consequence of seeking it too often. The careful manner in which Congress has chosen to draft the statute convinces us that it did not intend to preclude a debtor who has had one case dismissed with prejudice from ever seeking bankruptcy relief again. *See Johnson v. Home State Bank,* —— U.S. ——, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991).

---

1. This is not a situation in which the court, when it dismissed debtors' prior case, took the opportunity to prevent the debtors from seeking further bankruptcy relief by not only dismissing the petition, but also, affirmatively prohibiting further petitions for a specified period of time. *See e.g. In re Lerch,* 85 B.R. 491 (Bankr.N.D.Ill.

1988), aff'd *Lerch v. Federal Land Bank of St. Louis,* 94 B.R. 998 (D.N.D.Ill.1989). *But see In re Frieouf,* 938 F.2d 1099, 1103 (10th Cir.1991) ("[The] bankruptcy court may not deny future access to [it], except under the circumstances of § 109(g)").

■ Neither the terms of the order of dismissal nor the provisions of the Bankruptcy Code prevent these debtors from filing their present petition for relief under Chapter 7. By the plain language of § 109(b) debtors are eligible for relief under Chapter 7. The mere fact that a prior petition has been dismissed with prejudice should not, by itself, constitute "cause" for dismissal, pursuant to § 707(a). The debtors should be allowed to proceed with the present petition and to receive a discharge unless § 727 would prevent it.

This conclusion will not, as the U.S. Trustee suggests, reduce Judge Riegle's order of dismissal with prejudice to a meaningless act. Quite to the contrary, it was a very significant act with dramatic consequences. Those consequences do not, however, prevent further access to the bankruptcy court or the potential for a discharge. Instead, the prior dismissal will have an impact upon the scope and the effect of any discharge the debtors might obtain in their present case.

■ The dismissal of a bankruptcy case with prejudice "denies a debtor [the] future discharge of debts dischargeable in that particular case." *Frieouf*, 938 F.2d at 1103. Such a dismissal prevents "the debtor from ever obtaining a discharge with regard to the debts existing at the time of the dismissed case." *Collier*, para. 349.01 at 349–2. Thus, a dismissal with prejudice is, at the very least, tantamount to the denial of discharge due to the debtors' misconduct. *See* 11 U.S.C. § 727(a)(2)–(a)(7). *See also Hall v. Vance*, 887 F.2d 1041, 1045 (10th Cir.1989) (dismissal with prejudice should be based upon a finding of debtor's bad faith, willful attempt to defy a court order or delay the prosecution of the case); *In re Martin–Trigona*, 35 B.R. 596, 601 (Bankr.S.D.N.Y.1983) (dismissal with prejudice is appropriate where the debtor has a clear record of "delay and contumacious conduct"). Section 523(a)(10) then gives effect to this consequence by excepting from the scope of any subsequent discharge the debts that were or could have been scheduled in the prior case. 11 U.S.C. § 523(a)(10). *Cf. In re Klapp*, 706 F.2d 998

(9th Cir.1983) (revocation of a discharge is the equivalent of the denial of a discharge for the purposes of § 523(a)(10)). Unlike other exceptions to discharge, the exception of § 523(a)(10) operates automatically and the creditor is not required to seek a determination of dischargeability from the bankruptcy court in order to take advantage of it. *See* 11 U.S.C. § 523(c). Thus, although this case will not be dismissed and, if they are otherwise entitled to it, the debtors may receive a discharge from this court, as a matter of law such a discharge will not apply to any of the debts that were or could have been scheduled in the debtors' prior case.

Based upon the foregoing, it is the court's conclusion that the dismissal of a bankruptcy case "with prejudice" does not prevent a debtor from filing a subsequent petition for relief, as long as the debtor is otherwise eligible to do so pursuant to § 109, except as the dismissing court might otherwise provide. Such a dismissal, however, will except the debts that were or could have been scheduled in that case from the scope of any subsequent discharge. Consequently, the fact that a prior case was dismissed with prejudice is not, by itself, cause for the dismissal of a subsequent case pursuant to § 707(a). The United States Trustee's motion to dismiss will be denied.