**COLONIAL AUTO CENTER, INC., Appellant,**

v.

**Shirley Mae TOMLIN, Appellee.**

Civ. A. No. 95–00020–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

July 11, 1995.

Steven Shareff, Palmyra, VA, for appellant.

Gail Susan Ogle, Charlottesville, VA, for appellee.

### MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes to this court on appeal from a decision of the United States Bankruptcy Court, Western District of Virginia, Judge William E. Anderson, denying the appellant's motion for summary judgment. The appellant sought an order that a dismissal "with prejudice" of the appellee's prior bankruptcy petition had rendered pending debts nondischargeable in subsequent petitions brought by the appellee. Judge Anderson ruled that the dismissal "with prejudice" of the prior petition was intended only to invoke the proscription barring the debtor from filing another petition for 180 days. Accordingly, Judge Anderson concluded that the dismissal "with prejudice" had not rendered pending debts nondischargeable in subsequent petitions. On appeal, the appellant argues that the order dismissing the case "with prejudice" was an unambiguous order which must be interpreted as a bar to the discharge of debts existing prior to the dismissed case. The appellee argues that Judge Anderson's interpretation of his prior

order was reasonable and that deference should be accorded to a court to interpret its own orders. For the reasons discussed below, this court vacates the order of the bankruptcy court and remands for an order consistent with this opinion.

*Facts*

On December 27, 1991, the appellee, along with her husband, signed a retail installment contract with the appellant, facilitating the purchase of a truck. On August 31, 1992, the appellant repossessed the truck and, on September 6, 1992, sold the truck at public auction. The sale left a deficiency of $5,284.63. On May 28, 1993, the appellant obtained in state court a judgment against the appellee for the amount of the deficiency plus interest and court costs. Subsequently, the appellant obtained another judgment against the appellee for $1,500.00 plus interest, arising from the appellee's failure to pay a deposit owing to the appellant. The balance remaining on these two judgments constitute the debt at issue.

The appellee has availed herself of the liberal filing provisions pursuant to the so-called Bankruptcy Code, 11 U.S.C. §§ 1–543 (1993). Since 1990, the appellee, either individually or with her husband, has filed six petitions in bankruptcy:

*Petition # 1:* On May 25, 1990, the appellee and her husband filed a petition pursuant to Chapter 13 of the Code. On August 20, 1990, the bankruptcy court confirmed the appellee's Chapter 13 plan (an amended plan was confirmed on November 14, 1990). On January 17, 1991, Union Planters National Bank ("Union Planters") moved for relief from the stay imposed pursuant to Chapter 13. On May 3, 1991, the bankruptcy court ordered the stay lifted. On July 15, 1991, the bankruptcy court granted the appellee's voluntary motion to dismiss.

*Petition # 2:* On July 25, 1991, the appellee individually filed a petition pursuant to Chapter 13. The appellee never submitted a plan. On September 12, 1991, Union Planters moved for relief from the stay. On December 6, 1991, the bankruptcy court granted the appellee's motion to dismiss the petition.

*Petition # 3:* On April 24, 1992, the appellee, again with her husband, filed a petition pursuant to Chapter 13. During the pendency of this petition, the appellee neither attended creditors' meetings nor timely filed bankruptcy schedules. On June 22, 1992, the bankruptcy court heard the trustee's motion to dismiss and ordered the appellee to cure all defaults by June 26, 1992. The appellee failed to abide by that order. On July 6, 1992, the bankruptcy court ordered the petition dismissed.

*Petition # 4:* On September 18, 1992, the appellee filed a petition pursuant to Chapter 7 to stop the foreclosure sale of her residence. During the pendency of this petition, the appellee did not pay the filing fee, did not attend the creditors' meeting, and did not file schedules. On November 13, 1992, the bankruptcy court dismissed the petition.

*Petition # 5:* On December 17, 1992, the appellee filed a petition pursuant to Chapter 7 again to stop the foreclosure sale of her residence. On December 18, 1992, Union Planters filed an emergency motion for relief from the stay. On December 18, 1992, the bankruptcy court lifted the stay, and, in such order, the bankruptcy judge noted that it appeared that the appellee had filed the petition in bad faith and in violation of 11 U.S.C. § 109(g). On February 11, 1993, the bankruptcy judge ordered the petition "dismissed with prejudice."

*Petition # 6:* On October 14, 1994, the appellee filed a petition pursuant to Chapter 7. On November 15, 1994, the bankruptcy judge entered an order discharging the appellee's debts.

On October 14, 1994, the appellant filed the instant action to determine the dischargeability of debts pending prior to the dismissal "with prejudice" of Petition # 5. On December 7, 1994, the appellant filed its motion for summary judgment, and, on December 9, 1994, the appellee cross moved for summary judgment. After a hearing, the bankruptcy judge issued an Order and a Memorandum Opinion denying the appellant's motion for summary judgment. This appeal ensued.

At stake in this adversary proceeding are the debts arising from the two judgments

which the appellant received against the appellee. In a hearing before this court on June 17, 1995, counsel for the appellant conceded that if this court affirms the denial of summary judgment, then the case is over—the appellee's debts to the appellant are discharged.

## Analysis

### A. Jurisdiction

At oral argument, the parties raised the issue of the jurisdiction of this court to address an appeal from a denial of a motion for summary judgment. The court is uncertain, however, whether the parties raised the issue of jurisdiction for resolution by this court.[1] Nonetheless, the court will decide the jurisdictional question on its own motion, pursuant to Fed.R.Civ.P. 12(h)(3). *See In re Hebb,* 53 B.R. 1003, 1004 (D.Md.1985).

■ The federal district courts derive jurisdiction to review orders of the bankruptcy courts from 28 U.S.C. § 158(a) (1993):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

Thus, an appeal is taken properly where a bankruptcy court has issued a final judgment, order, or decree, or where the district court has granted leave to appeal an interlocutory order. In the present case, the court concludes that the appeal is taken properly because the bankruptcy court's denial of

summary judgment constitutes a final order or judgment.

Pursuant to 28 U.S.C. § 1291 (1993), a final judgment is "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In contrast, an interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits." *Hebb,* 53 B.R. at 1005 (citing *United States v. O'Donnell (Matter of Abingdon Realty Corp.),* 634 F.2d 133 (4th Cir.1980)). As a general rule, "[t]he denial of summary judgment is interlocutory in nature and is thus not appealable." *United States v. Alvarez,* 735 F.2d 461 (11th Cir.1984) (citing 6 *Moore's Federal Practice* ¶ 56.20(2) (1982)). "When a judge denies one party's motion for a summary judgment, he merely preserves the status quo in the case." *Id.*

An exception to the general rule is, of course, where the denial of summary judgment resolves all dispositive issues in the case. In *Monetary II Limited Partnership v. Commissioner,* 47 F.3d 342, 343 n. 1 (9th Cir.1995), the court concluded that the denial of a motion for summary judgment was appealable because the denial was accompanied by a final order disposing of all issues before the tax court. The court concluded therefore that the denial was a final decision which gave the court jurisdiction over the appeal.[2] The instant case is strikingly similar. The bankruptcy judge's order was accompanied by a ten-page Memorandum Opinion in which

**1.** The uncertainty arises because in his Brief, counsel for the appellee concedes the issue of this court's appellate jurisdiction: "Because Appellant's (sic) resources for defense on appeal are limited, and because counsel for Appellant has long informed counsel for Appellee that he will appeal this case, Appellee does not wish to contest the basis for appellate jurisdiction." Appellee's Reply Brief at 1.

**2.** Courts have held also that appellate jurisdiction over denials of summary judgment is taken properly where a trial court adjudges cross motions of summary judgment and grants one party's motion but denies the other party's motion.

*See, e.g., Peyton v. Reynolds Assoc.,* 955 F.2d 247 (4th Cir.1992); *Abend v. MCA, Inc.,* 863 F.2d 1465, 1482 & n. 20 (9th Cir.1988), *aff'd,* 495 U.S. 207, 110 S.Ct. 1750, 109 L.Ed.2d 184 (1990). In the instant case, the bankruptcy judge considered cross motions for summary judgment and, in his order, expressly denied the appellant's motion. However, the record is unclear whether the bankruptcy judge either granted or denied the appellee's motion. The court notes that the appellee concedes in her brief that there was, "at most, a *de facto* final judgment below for Appellee." Appellee's Reply Brief at 1 (emphasis in original).

the judge stated that "an order will be entered denying the [appellant's] motion for summary judgment and providing that the February 11, 1993 dismissal order entered in [the appellee's bankruptcy case] did not make all of her debts existing at the time of the dismissal nondischargeable in any subsequently filed case." Because the appellant's initial complaint filed in the bankruptcy court was styled "Complaint to Determine Dischargeability of Debt" which substantively requested only that "the court enter an order determining the [appellee's] debts to the [appellant] to be nondischargeable ...," this court concludes that the bankruptcy judge's February 11, 1993 Order and accompanying Memorandum Opinion disposed of all issues before the bankruptcy court in the particular adversary proceeding. Therefore, the denial of summary judgment in this case is a final order, and the appellant's appeal thereof is taken properly.[3]

### B. Summary Judgment

The district court reviews the factual findings of the bankruptcy court for clear error and reviews the conclusions of law *de novo*. *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990); *Lowe's of Virginia, Inc. v. Thomas*, 60 B.R. 418, 419 (W.D.Va.1986). From either a grant or a denial of summary judgment, the court's review is plenary. *American Lumber v. National R.R. Passenger Corp.*, 886 F.2d 50, 52 (3d Cir.1989); *see also In re LCO Enters.*, 12 F.3d 938, 940 (9th Cir.1993) (bankruptcy court's denial of summary judgment is reviewed *de novo*).

Summary judgment is appropriate if there are no genuine issues of material fact from which the non-moving party could prevail. Fed.R.Civ.P. 56(c). On summary judgment, whether in the bankruptcy court or upon appeal, the court is to apply the same standard: "[t]he facts must be construed in the light most favorable to the nonmoving party, with the burden on the moving party 'to demonstrate the absence of any genuine issue of material fact.'" *In re Edmond*, 934 F.2d 1304, 1307 (4th Cir.1991) (quoting *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985)). The moving party may shoulder its burden of proving the absence of any material fact by demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In the instant case, the appellant claims that there exists no issue of material fact from which the appellee could prevail because the order dismissing "with prejudice" was clear and unambiguous inasmuch as it rendered pending debts nondischargeable in subsequent cases.

### C. "Dismissed with Prejudice"

■ The issue in this case is relatively simple: Does an order stating only that a case is "dismissed with prejudice," which in the general legal context has the effect of precluding subsequent litigation based upon the same claim, have, in the bankruptcy context, the effect of precluding the subsequent discharge of pending debt? Because the court can ascertain no credible reason for departing from the traditional effect of an order dismissing a case "with prejudice," the court concludes that it was error to "interpret" the prior order as effecting something less than *res judicata.*

In *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319–20, 47 S.Ct. 600, 601–02, 71 L.Ed. 1069 (1927), the United States Supreme Court explained the doctrine of *res judicata:*

> The effect of a judgment or decree as res judicata depends upon whether the second action or suit is upon the same or a different cause of action. If upon the same cause of action, the judgment or decree upon the merits in the first case is an

---

**3.** Courts have applied considerations of such "pragmatic finality" in other contexts. For example, in *Commonwealth v. Tenneco, Inc.*, 538 F.2d 1026 (4th Cir.1976), the court concluded that a temporary restraining order, generally interlocutory and not appealable, was final and appealable where the TRO was issued after a full hearing by all parties and represented an end in itself. *Id.* at 1030; *accord FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1342 (4th Cir.1976). *See also Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964) (outlining "practical" considerations in determining whether the requirement of finality is satisfied). *See generally* 15A Charles Alan Wright, *et al.*, *Federal Practice & Procedure: Civil* § 3913, at 462–87 (2d ed. 1992).

absolute bar to the subsequent action or suit between the same parties. . . .

In *Astron Industrial Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir.1968), the court concluded that "[i]t is clear that a stipulation of dismissal with prejudice, or for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Accord Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir.1991) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.1985)). *See generally* 9 Wright, *et al., supra,* § 2367 at 319–20 ("Dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of res judicata. . . ."); *Black's Law Dictionary* 469 (6th ed. 1990) ("dismissed with prejudice" means "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause. It is res judicata as to every matter litigated.").

The appellee urges this court to acknowledge that "[t]he concept of *res judicata* in bankruptcy is . . . unique. . . ." and that a departure from the traditional *res judicata* effect of a dismissal "with prejudice" is therefore justified. According to the appellee, "the Bankruptcy Code is an intricate statutory scheme with a broad remedial purpose," and the bankruptcy courts further that remedial purpose by functioning as courts of equity, in contrast to courts of law. This court certainly concurs in the sentiment expressed by the Supreme Court concerning the underlying purposes of the Bankruptcy Code: "This Court has certainly acknowledged that a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). However, the remedial purposes provided by the Code do not mandate that rights of debtors prevail over interests of creditors under all circumstances. Indeed, many of the Code's provisions that limit or preclude certain rights of debtors undoubtedly represent congressional balancing between the competing interests of debtors and creditors.[4] In the absence of congressional instruction to the contrary, this court declines the appellee's invitation to interpret the doctrine of *res judicata* in the bankruptcy context differently from the traditional interpretation of *res judicata* in law. The doctrine of *res judicata* applies in the bankruptcy context. *See In re Chapman*, 132 B.R. 132, 141 (Bankr.N.D.Ill. 1991).

The appellee argues further that the distinction between law and equity justifies a departure from the traditional claim preclusive effect of a dismissal "with prejudice." It is true that, as a court of equity, the bankruptcy court "must not abdicate the equitable discretion granted to it by establishing rules of broad application which fail to take into account the facts of a particular case and the overall objectives of the bankruptcy system." *In re Harold & Williams Development Co.*, 977 F.2d 906, 910 (4th Cir.1992). However, it is equally true that "the bankruptcy court cannot use its equitable powers to ignore legal requirements set out by Congress in the Bankruptcy Code. . . ." *Id.* There is a generally-accepted "fundamental principle of equity jurisprudence that 'equity follows the law.'" *In re Shoreline Concrete Co., Inc.*, 831 F.2d 903 (9th Cir.1987) (citing *Hedges v. Dixon County*, 150 U.S. 182, 192, 14 S.Ct. 71, 74–75, 37 L.Ed. 1044 (1893)). This means that "[c]ourts of equity are bound to follow express statutory commands to the same extent as are courts of law."[5] *Id.* (citing

---

4. *See, e.g.,* 11 U.S.C. § 523 (1993) (Exceptions to discharge).

5. In *Wirtz v. Chase*, 400 F.2d 665, 670 (6th Cir. 1968), the court relied upon a definition of the maxim as set forth in *Corpus Juris Secundum:*

*Hedges,* 150 U.S. at 192, 14 S.Ct. at 74–75; *Rees v. City of Watertown,* 86 U.S. (19 Wall.) 107, 122, 22 L.Ed. 72 (1873)); *Pangilinan v. I.N.S.,* 809 F.2d 1449, 1453 (9th Cir.1987) ("equity courts are bound by statutory constraints no less than are law courts"), *rev'd on other grounds,* 486 U.S. 875 (1988); *see also Heppner v. Alyeska Pipeline Serv. Co.,* 665 F.2d 868, 872 (9th Cir.1981) (in absence of drafting error, courts are powerless to avoid effects of plain language of a statute); *In re Fulghum Const. Corp.,* 706 F.2d 171, 173 (6th Cir.) (the application of bankruptcy law must comport to and remain compatible with the prevailing legislative intent (citations omitted)), *cert. denied,* 464 U.S. 935, 104 S.Ct. 342, 343, 78 L.Ed.2d 310 (1983). In the instant case, the appellee fails to identify any provision of the Bankruptcy Code in which Congress indicates an intention that a dismissal "with prejudice," once ordered, does not effect claim preclusion in relation to pending debt. Thus, a bankruptcy court cannot invoke its equitable power to circumvent the clearly-expressed provision of the Bankruptcy Code which governs the dismissal of bankruptcy petitions.

The dismissal of a bankruptcy petition is governed by 11 U.S.C. § 349(a):

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this

title, except as provided in section 109[ (g) ] [6] of this title.

In *In re Frieouf,* 938 F.2d 1099 (10th Cir. 1991), *cert. denied,* 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992), the court examined the grammatical structure of section 349(a) and concluded that the punctuation and the substantive content of the statute reveal a binary structure:

> The statute consists of two clauses, separated by a semicolon and addressing two distinct concerns: (1) the discharge in a later case of the particular debts dischargeable in the case dismissed and (2) the much different matter of the filing of any subsequent bankruptcy petition. Furthermore, each clause contains its own qualifying phrase; the discharge clause is modified by the "unless the court, for cause, orders otherwise" language, and the filing clause is modified differently by reference to section 109(g).

*Id.* at 1103.[7] Thus, if a bankruptcy court intends to effect the nondischargeability of debts existing at the time the dismissed petition was filed, then the court must, for cause, order as such in the dismissal.

The determination turns on whether the phrase "dismissed with prejudice" is sufficient to constitute an "order otherwise," thereby precluding the subsequent discharge of debts existing at the filing of the dismissed case. The appellant relies upon two cases: *In re Smith,* 133 B.R. 467 (Bankr.N.D.Ind. 1991) and *In re Earl,* 140 B.R. 728 (Bankr.

---

In a broad sense the maxim means that equity follows the law to the extent of obeying it and conforming to its general rules and policies whether contained in the common or statute law.... [W]here no countervailing equity requires different treatment, a court of equity in dealing with legal rights and interests will follow the rules of law in respect thereto. The maxim is strictly applicable whenever the rights of the parties are clearly defined and established by law.

*Id.* (quoting 30 *C.J.S.: Equity* § 103, at 1066–67).

6. Section 109(f), as actually referenced in section 349(a), was redesignated as section 109(g) by section 253(1)(A) of Pub L. 99–554.

7. The appellee notes that the *Frieouf* opinion has received much criticism. However, the criticism

has focused on an issue of the *Frieouf* case not at issue in the present case. The *Frieouf* court interpreted the second part of section 349(a) to mean that courts are constrained in limiting petitioners' rights to refile. According to the *Frieouf* court, section 349(a) does not permit courts to limit refiling for a period greater than 180 days, pursuant to section 109. In other words, the *Frieouf* court did not permit the language— "[u]nless the court, for cause, orders otherwise"—to operate on the second part of section 349(a). Most courts have rejected this reasoning. *See, e.g., In re Jolly,* 143 B.R. 383, 388 (E.D.Va.1992), *aff'd,* 45 F.3d 426, 1994 WL 717626 (4th Cir.1994) (finding that, so long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, or more, without violating the terms of § 349(a) or § 109(g)).

N.D.Ind.1992). In *Smith*, the court stated decisively, "The dismissal of a bankruptcy case with prejudice 'denies a debtor [the] future discharge of debts dischargeable in that particular case.'" *Smith*, 133 B.R. at 470 (quoting *Frieouf*, 938 F.2d at 1103); *accord Earl*, 140 B.R. at 740 ("A dismissal with prejudice does not effect the Debtor's eligibility for a subsequent filing under § 109(g), but does deny the future discharge of those debts dischargeable in that particular case.") (emphasis omitted); *see also Collier Bankruptcy Manual*, § 349.01, at 349–4 (3d ed. 1995) ("[S]ection 349(a) specifies that unless the court for cause orders otherwise, the dismissal of a case is without prejudice. That is to say, the debtor will not be barred from receiving a discharge in a later case."); *Id.* at 349–7 ("There are instances in which dismissal is based upon a reason which would justify barring a future discharge of the debt then existing. The bankruptcy court in such a case is free to designate that dismissal is *with* prejudice." (emphasis in original) (footnote omitted)).

The appellee construes the applicability of section 349(a) differently. The appellee argues that to ascertain the effect of the phrase "dismissed with prejudice," the court must look to the placement of the term "prejudice" within section 349(a). Because the term "prejudice" is found in the second clause of section 349(a), then the phrase "dismissed with prejudice" must operate to affect the debtor's right to refile a petition. In other words, the appellee seems to argue that the phrase "dismissed with prejudice" operates only to trigger the 180–day bar to refiling found in 11 U.S.C. § 109(g).[8] The fallacy with this argument is that pursuant to the plain language of the second clause of section 349(a), there is no requirement that the dismissal be "with prejudice" to invoke the provisions of section 109(g). *Any dismissal,* whether designated as "with prejudice" or "without prejudice," is subject to the proscriptions of section 109 if the circumstances of the dismissal satisfy the conditions of that section. Consequently, if a case is dismissed because the debtor willfully failed to abide by the court's orders, then that debtor is barred from refiling within 180 days after dismissal, even if the dismissal is "without prejudice."[9]

The appellee argues also that a court should use express language in its order if intending to invoke the stricter sanction of making pending debts nondischargeable. The appellee points to two cases in which the orders dismissing the respective bankruptcy cases contained express language to render pending debts nondischargeable in subsequent actions. In *In re Martin–Trigona*, 35 B.R. 596, 603 (Bankr.S.D.N.Y.1983), the court ordered, "The cases should be dismissed with prejudice, pursuant to Sec. 349 and Sec. 1307 of the Code, as to all debts excepting those dischargeable in the debtor's current Chapter 7 proceeding." Similarly, in *In re Cooper*, 146 B.R. 843, 846 (Bankr. D.Colo.1992), *aff'd*, 153 B.R. 898 (D.Colo. 1993), the court decreed, "DISMISSED WITH PREJUDICE and Debtors shall be and hereby are permanently enjoined from obtaining a future discharge of the debt owed by them to [a certain] creditor...." While such clarity in judicial opinions and orders is laudable, the court questions whether it can be said credibly that an order stating only "dismissed with prejudice" necessarily does

---

8. Section 109(g) provides:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g) (1993).

9. The court notes that when the bankruptcy court lifted the stay effected by the appellee's filing of Petition # 5, Judge Anderson stated that it appeared that the appellee had filed the petition in bad faith and in violation of section 109(g). Yet, there is no mention in the record that Petition # 4 had been dismissed "with prejudice." This could suggest that Judge Anderson considered the language "dismissed with prejudice" unnecessary to invoke the proscriptions of section 109(g) in an earlier petition. This raises some disquietude about the bankruptcy judge's clarification of his February 11, 1993 Order.

not invoke the sanction of nondischargeability of pending debt.

Finally, the appellee argues that this court should defer to the bankruptcy judge's "interpretation" of his February 11, 1993 Order. In support of this proposition, the appellee cites *In re Chicago, Rock Island & Pacific R. Co.*, 860 F.2d 267, 272 (1988): "[A] court is in the best position to interpret its own orders. [The appellate court] will not reverse a district court's interpretation of its own order 'unless the record clearly shows an abuse of discretion.' "[10] Indeed, in *Spiker v. Capitol Milk Producers Co-op.*, 577 F.Supp. 416, 417 (W.D.Va.1983), this court noted that "one of the strongest policies a court can have is determining the scope of its own judgments." (citing *J. Aron & Co. v. Service Transp. Co.*, 515 F.Supp. 428, 440 (D.Md.1981 (quoting *Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962))).

The appellant rejoins with the proposition that a court cannot "interpret an order that is clear and unambiguous." In *Spearman v. J. & S. Farms, Inc.*, 755 F.Supp. 137, 140 (D.C.S.C.1990), the court held that a "judgment which is clear and unambiguous must be given its plain meaning and consequent legal effect." An unambiguous order "must be enforced as written and cannot be modified or attacked collaterally under the guise of interpretation." *Id.*

The court agrees with the appellant. It is true that where there is "any ambiguity or obscurity or if the judgment fails to express the rulings in a case with clarity or accuracy, reference may be had to the findings and the entire record for the purpose of determining what was decided." *Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1064 (10th Cir.1980). However, the court fails to find any ambiguity or obscurity in an order which dismisses a case "with prejudice." In the instant case, the order stated plainly, "[F]or good cause shown, it is ORDERED that [the case is] DISMISSED WITH PREJUDICE."[11] The plain language of relevant provisions of the Bankruptcy Code do not evince congressional intent that a dismissal "with prejudice" effects a lesser legal consequence in the bankruptcy context than the necessary legal consequence effected by such a dismissal in the general legal context. The court is not persuaded of the accuracy of the appellee's "interpretation" of the February 11, 1993 Order. Finally, the court notes, without holding, that the record recites facts that could support a finding of "good cause" justifying a dismissal "with prejudice."

*Conclusion*

Accordingly, this court finds that the bankruptcy judge erred in denying the appellant's motion for summary judgment. A dismissal "with prejudice" of a bankruptcy petitioner's case has the *res judicata* effect of precluding the discharge of debts in subsequent bankruptcy petitions. This result is dictated by the traditional legal consequence of a dismissal "with prejudice" and by the absence of contrary congressional instruction in the Bankruptcy Code. An appropriate order shall this day enter.

*ORDER*

For the reasons set forth in an accompanying Memorandum Opinion, it is this day

10. The appellant seems to interpret this statement as suggesting an abuse-of-discretion standard of review and argues that such a standard of review is inappropriate in reviewing an order denying a grant of summary judgment. In *In re Empire For Him, Inc.*, 1 F.3d 1156, 1159 (11th Cir.1993), the court faced a similar question. The appellant argued that a review of a summary judgment and a review of the bankruptcy court's equitable powers required a standard of review of *de novo*. The appellee, on the other hand, argued that a review of the bankruptcy court's equitable powers required the court to apply the "clearly erroneous" standard, or, at the very least, an abuse of discretion standard. The court concluded that an appellate court's "standard of review with regard to questions of law, whether made by the bankruptcy court or by the district court, is de novo." *Id.* (quoting *Equitable Life Assurance Soc. v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383 (11th Cir.1990)).

11. The court notes that the "Order Dismissing Case" appears to be a form order, and the phrase, "DISMISSED WITH PREJUDICE," appears to have been typed onto the form. This suggests that the use of the phrase, "DISMISSED WITH PREJUDICE," was not an inadvertent mistake.

ADJUDGED AND ORDERED

that the order of the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, denying the appellant's motion for summary shall be, and it hereby is, vacated. The matter is remanded for an order consistent with the Memorandum Opinion.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record, and to the Honorable William E. Anderson, Bankruptcy Judge, United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, Post Office Box 442, Lynchburg, Virginia 24501.